NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD H. SHULER,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Defendant-Appellee*

---

2016-1338

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1713, Judge Bruce E. Kasold.

---

Decided: November 9, 2016

---

DAVID E. BOELZNER, Lewis B. Puller, Jr., Veterans Benefits Clinic, William & Mary Law School, Williamsburg, VA, argued for claimant-appellant.

RENEE BURBANK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR; BRIAN GRIFFIN, SAMANTHA ANN

SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, WALLACH, and HUGHES, *Circuit Judges*.

MOORE, *Circuit Judge*.

Ronald H. Shuler appeals from a decision by the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans Appeals' ("Board") denial of benefits under 38 U.S.C. § 1151. We *dismiss* for lack of jurisdiction.

### BACKGROUND

On March 18, 1997, Mr. Shuler underwent surgery for a right inguinal hernia at the Veterans Affairs Medical Center in Gainesville, Florida. In December 1999, he filed a claim for entitlement to disability benefits under 38 U.S.C. § 1151. He claimed his surgery and follow-up were inadequate and left him suffering constant pain and unable to perform his occupation of commercial fishing and diving.

In May 2014, the Board denied Mr. Shuler's claim for benefits. In September 2015, the Veterans Court issued a single-judge decision affirming the Board's decision. A Veterans Court panel affirmed the underlying single-judge decision. Mr. Shuler appeals.

### DISCUSSION

Our jurisdiction to review decisions by the Veterans Court is limited by statute. Unless an appeal raises a constitutional issue, we lack jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Mr. Shuler's appeal centers on his allegation that he was not advised of the risk of nerve entrapment before undergoing surgery. The Veter-

ans Court held, "[i]n sum, Mr. Shuler fails to demonstrate that the Board clearly erred in finding that the weight of the evidence was that he was informed that nerve entrapment was a risk or complication of his surgery." The Veterans Court's evaluation and weighing of evidence are factual determinations over which we lack jurisdiction to review.

Because Mr. Shuler's appeal of the Veterans Court's decision only involves factual determinations and the application of law to the facts of the case, Mr. Shuler's appeal is beyond the scope of our jurisdiction.

### CONCLUSION

Because we lack jurisdiction over Mr. Shuler's appeal, we *dismiss*.

## **DISMISSED**

### COSTS

No costs.